UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

RONALD BENJAMIN WHITE,

        Plaintiff,

   v.

MONROE CORRECTIONAL COMPLEX SPECIAL OFFENDERS UNIT,

CASE NO. 2:23-cv-01158-BHS-BAT

**REPORT AND RECOMMENDATION**

On July 31, 2023, Plaintiff filed a *pro se* civil rights complaint under 42 U.S.C. § 1983. Dkts. 1, 1-1. The Court reviewed the complaint, found it deficient and on August 8, 2023, directed Plaintiff to file an amended complaint no later than **August 30, 2023**. Dkt. 5. Plaintiff was advised the failure to file an amended complaint that was sufficient by this date would result in a recommendation the case be dismissed. As of this date, Plaintiff has not responded to the Court's order.

The Court accordingly recommends the case be dismissed with prejudice.

**BACKGROUND**

Plaintiff, who is incarcerated at Monroe Correctional Complex - Intensive Management Unit (MCC-IMU), names Monroe Correctional Complex Special Offenders Unit (MCC-SOU) as the sole defendant in this action. Dkt. 1-1. Plaintiff alleges at some time around mid-February or

REPORT AND RECOMMENDATION - 1

1  mid-March to April 26, 2023, he was "made by the Special Offender Unit prison to wear a Covid
2  virus mask." *Id.* He alleges during that period he ate three meals a day in the dining hall with
3  approximately 80 other inmates as well as 15 to 20 other inmates in the dining hall waiting for an
4  empty seat to sit to eat and that none of these inmates were wearing masks during that time. *Id.*
5  He alleges the "6 feet apart rule" was not followed during meals and other inmates would put
6  their dirty masks on his table. *Id.* Plaintiff alleges this caused him to experience "paranoia; stress;
7  nervousness; insomnia; weight loss" and that his depression and anxiety has gotten much worse.
8  *Id.* He claims that because of his older age he was at greater risk of dying from Covid-19. *Id.*

Plaintiff indicates his resolution request related to this incident was denied because he submitted it more than 20 days after the "Covid virus mask incident took place." *Id.* He indicates he believes because of the seriousness of his complaint it should have been processed anyway and he did process the resolution request documents to "all its levels." *Id.* As relief, plaintiff seeks $5,000,000.00 in damages. *Id.*

## DISCUSSION

Under the Prison Litigation Reform Act of 1995, the Court must screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must "dismiss the complaint, or any portion of the complaint, if the complaint: (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." Id. at (b); 28 U.S.C. § 1915(e)(2); *see Barren v. Harrington*, 152 F.3d 1193 (9th Cir. 1998).

Plaintiff's complaint is deficient and should be dismissed.

REPORT AND RECOMMENDATION - 2

### A.  Improper Defendant

Plaintiff names the MCC-SOU as the sole defendant in this action. *See* Dkt. 1-1. MCC-SOU is not a proper defendant. Section 1983 applies to the actions of "persons" acting under the color of state law. Neither states, nor entities such as MCC-SOU, that are arms of the state, are 'persons' for purposes of § 1983. *Johnson v. Washington*, 2019 WL 5223048, at *1 (W.D. Wash. Sept. 17, 2019), *report and recommendation adopted*, 2019 WL 5213116 (W.D. Wash. Oct. 16, 2019); *see also Will v. Michigan Dep't. of State Police*, 491 U.S. 58, 65, 71 (1989). Additionally, there is no evidence the State of Washington has waived its Eleventh Amendment immunity in federal courts. Therefore, neither the MCC-SOU or the State of Washington can be sued under § 1983. As plaintiff has not named a proper defendant in this action, his claims fail as a matter of law.

### B.  Failure to State a Claim

Furthermore, plaintiff has failed to state a claim upon which relief can be granted. To state a claim for relief under 42 U.S.C. § 1983, Plaintiff must show: (1) he suffered a violation of rights protected by the Constitution or created by federal statute, and (2) the violation was proximately caused by a person acting under color of state law. *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). The first step in a § 1983 claim is therefore to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994). To satisfy the second prong, a plaintiff must allege facts showing how individually named defendants caused, or personally participated in causing, the harm alleged in the complaint. *See Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981). Sweeping conclusory allegations against an official are insufficient to state a claim for relief. *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988). Further, a § 1983 suit cannot be based on vicarious liability alone but must allege the defendant's

REPORT AND RECOMMENDATION - 3

1  own conduct violated the plaintiff's civil rights. *City of Canton v. Harris*, 489 U.S. 378, 385-90
2  (1989).

3  Plaintiff's complaint fails to identify the alleged wrongdoing of any individual who is
4  acting under color of state law. *See* Dkt. 1-1. Plaintiff has also not alleged any facts to indicate
5  any individual acted with deliberate indifference in violation of the Eighth Amendment. *See*
6  *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).

7  The Constitution does not mandate comfortable prisons, but neither does it permit
8  inhumane prisons. *Farmer v. Brennan*, 511 U.S. 825, 832 (1970). Under the Eighth Amendment,
9  prison officials are required to provide prisoners with basic life necessities, such as food,
10 clothing, shelter, sanitation, medical care, and personal safety. *Id.*; *Toussaint v. McCarthy*, 801
11 F.3d 1080, 1107 (9th Cir. 1986). To state a claim for unconstitutional conditions of confinement,
12 a plaintiff must allege a defendant's acts or omissions deprived the inmate of "the minimal
13 civilized measure of life's necessities" and the defendant acted with deliberate indifference to an
14 excessive risk to inmate health or safety. *Allen v. Sakai*, 48 F.3d 1082, 1087 (9th Cir. 1994)
15 (*quoting Farmer*, 511 U.S. at 834); *see Estate of Ford v. Ramirez—Palmer*, 301 F.3d 1043,
16 1049–50 (9th Cir. 2002). A prison official does not act with deliberate indifference "unless the
17 official knows of and disregards an excessive risk to inmate health or safety; the official must
18 both be aware of facts from which the inference could be drawn that a substantial risk of serious
19 harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837.

20 The Court recognizes that prison officials have a duty to protect inmates from serious
21 communicable diseases. *Helling v. McKinney*, 509 U.S. 25, 33 (1993) (finding prison officials
22 may not "be deliberately indifferent to the exposure of inmates to a serious, communicable
23

REPORT AND RECOMMENDATION - 4

disease"). But plaintiff must do more than provide generalized allegations that defendants did not take sufficient precautions to control Covid-19.

Here, plaintiff generally claims his rights were violated because a mask mandate was put into effect at the prison during a certain period but that prisoners were not required to wear masks or socially distance at mealtime. Dkt. 1-1. But plaintiff does not allege any particularized wrongdoing or specific action any defendant took that suggest they acted with deliberate indifference to a serious risk of harm. Plaintiff offers no facts to indicate why the mask mandate was put into effect, who put the mask mandate into effect, or that allowing the inmates to eat meals in the dining hall without masks put plaintiff at serious risk of harm. In sum, plaintiff alleges no facts to establish any defendant knew of and took actions in deliberate indifference to a serious risk of harm faced by plaintiff. Therefore, Plaintiff has failed to state a claim upon which relief can be granted. *See Jones v. Community Development Agency*, 733 F.2d 646, 649 (9th Cir. 1984) (vague and mere conclusory allegations unsupported by facts are not sufficient to state section 1983 claims); *Burgess v. Newsom*, 2021 WL 4061611 (E.D. Cal. Sept. 7, 2021) (finding a prisoner plaintiff failed to state a claim where the plaintiff did not allege specific wrongdoing related to Covid-19 exposure).

## CONCLUSION

Plaintiff was directed that if he intends to pursue a § 1983 civil rights action in this Court, he must file an amended complaint by August 30, 2023. He has failed to respond, and the Court is thus left with a complaint naming a single Defendant who cannot be sued under § 1983, and allegations that fail to state a claim upon which relief can be granted. Because the named Defendant is not a state actor who can be sued, the case should be dismissed with prejudice.

REPORT AND RECOMMENDATION - 5

**OBJECTIONS AND APPEAL**

This Report and Recommendation is not an appealable order. Therefore, Plaintiff should not file a notice of appeal seeking review in the Court of Appeals for the Ninth Circuit until the assigned District Judge enters a judgment in the case.

Objections, however, may be filed no later than **September 25, 2023.** The Clerk should note the matter for **September 29, 2023**, as ready for the District Judge's consideration. The failure to timely object may affect the right to appeal.

DATED this 11th day of September, 2017.

											_____
											BRIAN A. TSUCHIDA
											Chief United States Magistrate Judge

REPORT AND RECOMMENDATION - 6